[Crim. No. 1800.   Third Dist.   Apr. 13, 1942.]

In re JUSTIN M. CROWLEY, on Habeas Corpus.

Chester Monette for Petitioner.

Jeremiah R. Scott, District Attorney (Humboldt), and Carl L. Christensen, Jr., Deputy District Attorney, for Respondent.

TUTTLE, J.—Petitioner was indicted by the Grand Jury of Humboldt County. The record does not indicate the crime, but we assume it was murder. Thereafter, on motion of petitioner, the indictment was set aside, but the court, under the provisions of sections 997 and 998 of the Penal Code, held him to answer for the crime of manslaughter. He now seeks release through habeas corpus, upon the ground that the evidence is insufficient, and that the facts show justifiable homicide.

We have had little or no assistance from the People. Neither they nor petitioner were represented when the cause was called for argument. In their "points and authorities" they merely refer to the transcript, which contains several hundred pages of testimony. However, we have satisfied ourselves that the evidence was sufficient to establish the existence of reasonable and probable cause for the commitment upon the charge of manslaughter. In 7 Cal. Jur., pages 982-983, it is stated:

"The term 'probable' has been defined to mean 'having more evidence for than against; supported by evidence which inclines the mind to believe, yet leaves room for doubt.' And the term 'reasonable or probable cause' has been defined

to mean such a state of facts as would lead a man of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion that the person accused is guilty. In other words, to authorize a committing magistrate to hold a defendant to answer, the facts which are stated before him must induce a reasonable probability that all the acts have been done which constitute the offense charged, that the crime charged was committed by the accused, and is triable in the county where the prosecution is pending, and also that the crime has not become barred by the statute of limitations.

"The committing magistrate is not bound by the rule of reasonable doubt, and may hold a defendant to answer though the evidence before him would not support a verdict of guilty."

The writ is discharged.

Thompson, Acting P. J., concurred.